UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN LEWIS,

        Plaintiff,

v.                            Case No. 3:12-cv-614-J-99MMH-JBT

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.

**ORDER**

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983 on May 24, 2012. Before this Court is Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Emergency Motion) (Doc. #2), in which he seeks an injunction requiring that he be provided with sanitary food trays while confined at Union Correctional Institution (UCI). Plaintiff Lewis complains that the officials at Union Correctional Institution have retaliated against him for filing lawsuits and grievances, and he believes that he is being provided with meals that have been handled by non-kitchen employees and inmates that have not been cleared to handle food for his mental health dormitory. He fears that, in the future, he may come down with a disease or virus due to the unsanitary food-handling procedures at UCI. Lewis lists an array of objects that he believes have been

placed in his food, and he fears food contamination and the AIDS virus.

Upon review of the record, this Court is of the opinion that injunctive relief is not warranted at this time.

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Id.

Citizens for Police Accountability Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam), cert. denied, 130 S.Ct. 2141 (2010).  The movant must clearly establish the burden of persuasion as to all four prerequisites.  See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

As an initial matter, Plaintiff has failed to comply with the strictures of Fed. R. Civ. P. 65 and Local Rules 4.05 and 4.06. Further, Plaintiff has failed to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Fed. R. Civ. P. 65(c). Plaintiff's request for injunctive relief is due to be denied for the above-mentioned reasons.  However, even assuming arguendo that Plaintiff properly filed his motion for injunctive relief, the motion must be denied.  Plaintiff has failed to meet his burden of establishing that he has a substantial likelihood of success on the

merits, that injunctive relief is necessary to prevent irreparable injury, that the threatened injury outweighs the harm that the requested injunctive relief would cause to the Defendants, and that the injunction would not be adverse to the public interest. Therefore, for all of the above-stated reasons, Plaintiff's requests for injunctive relief will be denied.

However, as a precautionary measure, since Plaintiff asserts that his health has been threatened and he is losing weight due to his fear of eating the food at UCI, this Court will direct the Clerk of Court to send a copy of this Order and Plaintiff's Emergency Motion (Doc. #2) to the Warden of UCI and the Secretary of the Florida Department of Corrections for an investigation into these allegations, if deemed appropriate.

Accordingly, it is

**ORDERED:**

1.   Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. #2) is **DENIED.**

2.   **The Clerk of the Court shall immediately send** (via facsimile) a copy of this Order and Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. #2) to the Warden of Union Correctional Institution and the Secretary of the Florida Department of Corrections for an investigation into these allegations, if deemed appropriate.

3.   Plaintiff's May 24, 2012, Motion to Proceed <u>In Forma Pauperis</u> (Doc. #3) is **DENIED**.

4.   Plaintiff shall pay the $350.00 filing fee **on or before June 25, 2012.**  Failure to do so will result in the dismissal of this action without notice.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of May, 2012.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

sa 5/24
c:
Jonathan Lewis
Warden, UCI
Secretary, FDOC