[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13201
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-00614-UAMH-JBT

JONATHAN LEWIS,

                    Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
individual and official capacity jointly,
KENNETH S. TUCKER,
Secretary, official and individual capacity jointly,
S. MILLIKEN,
official and individual capacity jointly,
 C. GIREEN,
individual and official capacity jointly,
C. NEEL,
individual and official capacity jointly, et al.,

                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 20, 2013)

Before BARKETT, MARCUS, and KRAVITCH, Circuit Judges.

PER CURIAM:

Proceeding *pro se*, Jonathan Lewis appeals the denial of his motion for a preliminary injunction and temporary restraining order (TRO), requested in his 42 U.S.C. § 1983 suit against the Florida Department of Corrections ("FDOC"), the Secretary of the FDOC, three grievance coordinators, the warden of Florida State Prison ("FSP"), and the warden of the Union Correctional Institute ("UCI").

In his verified complaint and motion for a preliminary injunction, Mr. Lewis alleged that prison officials had retaliated against him for filing grievances and lawsuits by intentionally putting foreign objects in his food, including spit and other bodily fluids. Mr. Lewis also submitted various affidavits from other individuals supporting his allegations. Without requiring a response from the defendants, the district court summarily denied Mr. Lewis's motion for a preliminary injunction, concluding that he had not complied with Fed. R. Civ. P. 65, specifically, Rule 65(c), or Local Rules 4.05 and 4.06, but without specifying in what way Mr. Lewis's pleadings failed to comply with those rules. The district court also noted that Mr. Lewis had not met the requirements for granting a preliminary injunction, but also did not explain in what way Mr. Lewis failed to do so.

On appeal, Mr. Lewis argues that the district court erred by denying his motion for a preliminary injunction when his complaint and its supporting affidavits showed that his constitutional rights were violated by prison officials and that placing foreign objects in his food served no penological interests while constituting a serious health hazard.[1]

We review the denial of a preliminary injunction for an abuse of discretion, reviewing the court's factual findings for clear error and its legal conclusions *de novo*. *Scott v. Roberts*, 612 F.3d 1279, 1289-90 (11th Cir. 2010). *Pro se* pleadings are construed liberally, as they are held to a less stringent standard than those drafted by lawyers. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). District courts are required to provide "sufficient explanations of their rulings so as to provide [us] with an opportunity to engage in meaningful appellate review." *Danley v. Allen*, 480 F.3d 1090, 1091 (11th Cir. 2007). When the district court "wholly fail[s] to provide [us] with an opportunity to conduct meaningful appellate review," we will vacate and remand the order with instructions to the district court to consider the case in full and to enter reasoned orders discussing the facts and detailing the legal analysis. *Id.* at 1092.

---

[1] We do not consider Mr. Lewis's argument with regards to the Americans with Disabilities Act because he did not present it to the district court. *See Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001).

Here, the district court did not make any findings of fact or provide a sufficient explanation of its ruling to allow us to engage in meaningful appellate review of its decision. The district court did not explain how Mr. Lewis failed to comply with the strictures of Rule 65 or the applicable Local Rules, and, specifically, it did not consider how much security, if any, would have been necessary under Rule 65(c) to cover the costs of any wrongful enjoinment or restraint on the defendants. *See* Fed. R. Civ. P. 65(c). As Mr. Lewis's requested remedy is to receive food that has not been intentionally adulterated with foreign objects or bodily substances, there does not seem like there should be any additional costs to the defendants of complying with an injunction.

In the face of Mr. Lewis's specific allegations that guards spit in his food and worse and his request asking the court to enjoin this behavior, the district court simply recited the requirements for granting a preliminary injunction and said "denied." In addition to his verified pleadings, Mr. Lewis provided sworn affidavits from other individuals that support his claims. His allegations are that he risks serious bodily harm by either consuming the intentionally adulterated food he receives from the prison or that he risks malnutrition by avoiding the food he is served. There is no question that consistently serving a prisoner food that has been intentionally contaminated with the bodily fluids of the sorts alleged here would constitute a violation of the Eighth Amendment. Moreover, Mr. Lewis's requested

remedy, which is simply to receive meals that are not intentionally adulterated with foreign objects and bodily fluids, would not only <u>not</u> be harmful to the defendants, but represents their constitutional minimum duty under the Eighth Amendment. It would thus appear that Mr. Lewis has met the preliminary injunction standard.[2]

Despite the fact that Mr. Lewis's verified complaint and supporting affidavits provide a strong basis for issuing the requested preliminary injunction, especially in the absence of any response from the defendants, we have no factual findings under which to review the district court's order denying injunctive relief. As a result, we vacate and remand the order with instructions to the district court to adequately consider Mr. Lewis's motion and supporting documents and to enter a reasoned order discussing the facts and legal analysis to aid this Court's appellate review.

**VACATED AND REMANDED.**

---

[2] We consider four factors to determine if preliminary relief is warranted: (1) whether there is a substantial likelihood of success on the merits, (2) whether the applicant will suffer irreparable injury if preliminary relief is withheld, (3) whether the injury outweighs the harm to the opposing party in granting the relief, and (4) whether the relief is in the public interest. *Scott*, 612 F.3d at 1290.

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 20, 2013

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 12-13201-AA
Case Style: Jonathan Lewis v. Florida Department of Correcti, et al
District Court Docket No: 3:12-cv-00614-UAMH-JBT

On April 1, 2013, this Court began **MANDATORY electronic filing.** All counsel are required to file documents electronically in appeals pending on April 1, 2013, and in appeals docketed in this Court on or after that date, unless exempted for good cause. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Eleanor M. Dixon, AA at (404) 335-6172.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion